### SAM HUNTER *v.* THE STATE.

FIGHTING IN PUBLIC PLACE. *Right of self-defense. Section* 2750, *Code* 1880, *construed.*

    Section 2750 of the Code of 1880, which makes it an indictable offense, punishable by fine and imprisonment, to fight in a public place with a deadly weapon, was not intended, and does not have the effect, to abolish or impair the right of self-defense as previously recognized by law.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

In February, 1885, Sam Hunter was indicted upon the charge that, on the 15th of December, 1884, he " did willfully and unlawfully fight B. F. Kendall in the public streets of the town of Raymond, the same being a public place, and in such fight did willfully and unlawfully use and shoot a pistol, the same being a deadly weapon."

The facts established by the evidence adduced at the trial are sufficiently stated in the opinion of the court.

The court instructed the jury in effect, that if the fight occurred in a street in the town of Raymond, it was a fight in a public place, and the defendant was guilty ; but that if the fight took place in a private room, it was not a fight in a public place, and the defendant was not guilty.

The defendant was convicted and sentenced to pay a fine of three hundred dollars and be imprisoned in the county jail for three months. From such judgment he appealed to this court.

The indictment was based upon § 2750 of the Code of 1880, which is in the following language :

" If any person shall be guilty of fighting in any village, city, town, or other public place, and shall, in such fight, use any rifle, shot-gun, sword-cane, pistol, dirk, bowie-knife, dirk-knife, or any other deadly weapon, or if any person shall be second or aid in such fight, the person so offending shall be fined not less than three hundred dollars and shall be imprisoned not less than three months; and if any person shall be killed in such fight the person

so killing the other may be prosecuted and convicted as in other cases of murder."

*Wells & Williamson,* for the appellant.

1. The instruction given for the State is erroneous. It does not announce the law in the meaning of § 2750 of the Code of 1880. That statute condemns fighting in " villages, cities, towns, or *other public places* with deadly weapons." A fight occurring in a house, store, or office, or bed-room would not come within the meaning of the statute. The statute clearly means that the fighting must be in the street or some *other public place.*

2. But if there be no error in the instruction or law of this case, yet the jury have manifestly found contrary to the law and the evidence. From the evidence there can be no doubt but that Kendall attacked Hunter in his own private bed-room, shot at him with intent to do him great harm, if not to kill him. How could Hunter do otherwise than to defend himself?

*C. M. Williamson,* of counsel for appellant, argued the case orally.

*T. S. Ford,* Attorney General, for the State.

1. The instruction given for the State was not erroneous. The offense defined in § 2750 of the Code of 1880 is of a kindred nature to the common law offense of an affray. As to what is a public place in this class of offenses see Bishop's Crim. Law, vol. 1, § 1128, *et seq.,* and vol. 11, § 2; 35 Ala. 392–3. The policy of the law in both cases is the same. One of the evils intended to be suppressed in both cases is the fighting in a place where the people who may be alarmed and terrified at the breach of the peace may witness it.

2. There was sufficient evidence to authorize the jury to convict. The jury were specially charged as to Hunter's attitude in the case and the law determining his criminality or responsibility, and it is submitted that their verdict ought not to be disturbed.

*T. S. Ford,* Attorney General, also made an oral argument.

CAMPBELL, C. J., delivered the opinion of the court.

In the trial of this case in the circuit court the verdict was made

to depend on the particular place in Raymond at which the fight occurred, without any reference to whether the combat was mutual and by consent, or whether it was an assault by one party on the other, which he had the right to repel anywhere. The evidence shows that an attack was made on the appellant, who was in his own house, and that he shot his assailant in self-defense. Section 2750 of the code does not deprive one of his right to defend himself by repelling an attack. Its particular object is to punish street fights in which deadly weapons are used. It is a part of the legislation against duelling, and is designed to punish fighting willingly in a public place. The verdict should have been set aside.

*Judgment reversed and new trial granted.*